United States District Court
Southern District of Texas
FILED
DEC 3 0 2008
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| BRAULIO PALACIOS, | * |
| Plaintiff, | * |
| VS. | * CIVIL ACTION NO. L-08-127 |
| PENSKE LOGISTICS, L.L.C. AND DELPHI AUTOMOTIVE SYSTEMS, L.L.C., | * |
| Defendants. | * |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to file an amended complaint which would add two non-diverse defendants (Dkt. No. 5). He then seeks a remand of the case to state court (Id.). Both Defendants object to the motion.

The Fifth Circuit Court of Appeals, in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987), defined factors to consider when evaluating a motion of this type. At the time of the incident in question, Plaintiff was a Manpower employee assigned on a temporary basis to Defendant Penske. Affidavit evidence describes him as having a supervisory capacity. He was injured by a forklift operated by another Manpower employee, Juan Ramos. Plaintiff proposes to add Ramos as a defendant. This incident occurred in September 2007. Plaintiff did not file suit until August 4, 2008, almost a year later. Plaintiff now says that he was aware of the identity of the forklift operator, but not the

operator's address. He also asserts that he still cannot determine whether Ramos was a fellow employee. That latter claim seems highly unlikely. The claim that Ramos' address could not be ascertained in eleven months also rings hollow. Moreover, a defendant's home address is not indispensable to the filing of a claim against him. There is no evidence contradicting the affidavit that Plaintiff and Ramos were fellow employees, which makes a claim by Plaintiff legally untenable.

Plaintiff also now seeks to add Hugo Medina as a defendant. Medina's name is mentioned in an incident report of September 12, 2007 as a "safety employee." Defendants assert, without contradiction, that this report was sent to Plaintiff before this case was filed. Plaintiff protests, however, that he did not know the "identity and address" of this person. Plaintiff also asserts that Medina is a necessary party, who played a "crucial part" in the case. He suggests that Medina might be liable for not providing "proper forklift training" to Ramos.

It seems patently clear that the effort to add these two defendants is motivated solely by a desire to return to state court. As indicated above, this case was filed almost a year after the incident in question. The incident was a discrete event, limited in scope and time, occurring at Plaintiff's worksite. If eleven months were not enough to fully investigate

2

the case, Plaintiff could have continued discovery. There was no urgency to file suit, as the statute of limitations does not expire until next September.

As already indicated, the claim against Ramos cannot stand. The claim against Medina is hardly indispensable. With two solvent, probably well-insured business entities already in the case, the notion that Plaintiff is prejudiced by not having a mere employee as an added defendant is not credible.

Plaintiff's motion for leave to file a first amended complaint and then to remand (Dkt. No. 5) is DENIED. The case is now REFERRED to Magistrate Judge Saldaña for plenary pretrial handling, including the entry of a scheduling order. If Plaintiff truly feels unduly aggrieved by being in federal court, he can consider dismissal of his case under Rule 41, Fed. R. Civ. P. See Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1276 (5th Cir. 1990).

DONE at Laredo, Texas, this 30th day of December, 2008.

United States District Judge